72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry James CASTNER, Petitioner-Appellant,
v.
Patrick WHALEN, Warden, USP Florence, Respondent-Appellee.
 No. 95-1129.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Petitioner Larry James Castner appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241. Petitioner is on parole from a federal sentence. The relief he seeks is from continued parole supervision as a sanction for alleged violations by his case manager and the United States Parole Commission in postponing the date of his release on parole from September 26, 1994, when it was originally scheduled, to December 8, 1994, when he was in fact released. His claim for sanctions is based on the contention that the Bureau of Prisons failed to provide adequate release planning services or programs in violation of 28 C.F.R. 571.
 
 
 3
 It appears that petitioner was incarcerated in the Fort Leavenworth federal prison in late 1992 after revocation of a prior parole. After a riot at Fort Leavenworth in 1993 petitioner was transferred to FCI-Marion on suspicion that he was involved in the riot. Apparently he was cleared of the suspicion and later transferred to FCI-Florence, a lower security institution. It appears that the delays in preparing his release plan were the result in part of these transfers.
 
 
 4
 After examining the record, the recommendation of the magistrate judge, and the district court's order denying relief, we are satisfied that no C.F.R. violation occurred that would justify a sanction that petitioner be released from further parole supervision.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470